UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT BRYANT PRESCOTT,

    Petitioner,                                      Case Number 2:21-CV-11628
                                                                  HONORABLE SEAN F. COX

v.

BRYAN MORRISON,

    Respondent.
_____/

## OPINION AND ORDER TRANSFERRING THE SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Roosevelt Bryant Prescott, ("Petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2011 conviction out of the Wayne County Circuit Court for second-degree murder and felony firearm, third offense.

The present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3); the case is transferred to the Court of Appeals so that petitioner may obtain permission to file a successive petition for a writ of habeas corpus.

### I. Background

Petitioner previously filed a petition for a writ of habeas corpus, challenging this conviction.  The petition was dismissed as being time-barred under the Antiterrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations contained in 28 U.S.C. § 2244(b)(3)(A). *Prescott v. Gidley*, No. 2:14-CV-13220-DT, 2015 WL 4887616 (E.D. Mich. Aug. 17, 2015).

1

## II. Discussion

Petitioner already filed a prior petition for a writ of habeas corpus challenging his judgment of sentence and incarceration.

A habeas petitioner who seeks to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The dismissal of petitioner's prior habeas petition based on his failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that makes the current petition "second or successive" for the purpose of § 2244(b), with respect to petitioner's 2011 conviction. *See In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)(per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003)(per curiam); Cf. *In Re Cook,* 215 F.3d 606, 607-08 (6th Cir.

2000)(when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b)).

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

**IT IS ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT COURT

Dated: July 20, 2021

3